**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

|   |   |   |
|---|---|---|
| RITA BENTANCOURT | ) | No.  EDCV 10-0196 CW |
|  | ) |  |
| Plaintiff, | ) | DECISION AND ORDER |
| v. | ) |  |
|  | ) |  |
| MICHAEL J. ASTRUE, | ) |  |
| Commissioner, Social | ) |  |
| Security Administration, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned magistrate judge.  Plaintiff seeks review of the Commissioner's denial of disability benefits.  As discussed below, the court finds that the Commissioner's decision should be reversed and this matter remanded for further proceedings.

**I.   BACKGROUND**

Plaintiff Rita Bentancourt was born on September 14, 1950, and was fifty-seven years old at the time of her administrative hearing. [AR 23.]  She has at least a high school education and no past relevant work experience. [AR 23, 41.] Plaintiff alleges disability on

the basis of pain in her knees and hands, a rash, bad headaches, breathing problems, depression, anxiety, and auditory hallucinations. [AR 26, 39.]

## II. PROCEEDINGS IN THIS COURT

Plaintiff's complaint was lodged on February 5, 2010, and filed on February 22, 2010. On August 20, 2010, Defendant filed an Answer and Plaintiff's Administrative Record ("AR"). On October 22, 2010, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party. This matter has been taken under submission without oral argument.

## III. PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for supplemental security income on July 11, 2006, alleging disability beginning on that date. [AR 7.] After the claim was denied initially and upon reconsideration, Plaintiff requested an administrative hearing. [Id.] A video hearing was held on March 21, 2008, before an Administrative Law Judge ("ALJ"). [Id.] Plaintiff was represented by counsel at the hearing, and testimony was taken from Plaintiff and vocational expert Stephen Davis. [Id.] The ALJ's decision denying benefits was issued on April 14, 2008. [AR 13.] When the Appeals Council denied review on December 15, 2009, the ALJ's decision became the Commissioner's final decision. [AR 1.]

## IV. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence. However, if the court determines that a finding is based on legal error or is not

supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits.  See Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir.  2001); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance."  Reddick, 157 F.3d at 720.  It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion."  Id.  To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion."  Id.  "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

### V.  DISCUSSION

#### A.   THE FIVE-STEP EVALUATION

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months.  Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

Step one: Is the claimant engaging in substantial

```
       gainful activity?  If so, the claimant is found not
       disabled.  If not, proceed to step two.
            Step two: Does the claimant have a "severe" impairment?
       If so, proceed to step three.  If not, then a finding of not
       disabled is appropriate.
            Step three: Does the claimant's impairment or
       combination of impairments meet or equal an impairment
       listed in 20 C.F.R., Part 404, Subpart P, Appendix 1?  If
       so, the claimant is automatically determined disabled.  If
       not, proceed to step four.
            Step four: Is the claimant capable of performing his
       past work?  If so, the claimant is not disabled.  If not,
       proceed to step five.
            Step five: Does the claimant have the residual
       functional capacity to perform any other work?  If so, the
       claimant is not disabled.  If not, the claimant is disabled.
```

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920.  If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps.  Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel.  Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288.  If this burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to prove that, considering residual functional capacity ("RFC")[1], age,

---

[1] Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations.  Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989).  Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations.  Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155

education, and work experience, a claimant can perform other work which is available in significant numbers. <u>Tackett</u>, 180 F.3d at 1098, 1100; <u>Reddick</u>, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

**B.   THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

Here, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since her disability application date (step one); that Plaintiff had the following "severe" impairments: anxiety disorder not otherwise specified, depressive disorder not otherwise specified, borderline intellectual functioning, a history of heroin dependence in uncertain remission, status post gunshot wound of the right knee, bilateral osteoarthritis in the hands and wrists, and tension headaches (step two); and that Plaintiff did not have an impairment or combination of impairments that met or equaled a listing (step three). [AR 9.]  The ALJ determined that based on all these impairments, Plaintiff had the RFC to perform a range of work at the medium exertional level with limitation to frequent bilateral fingering, grasping, and handling.  As for non-exertional limits, The ALJ found that Plaintiff was restricted to simple, repetitive work with preclusion from social interaction. [AR 10.]  Plaintiff had no past relevant work (step four). [AR 11.]  The vocational expert testified that a person with Plaintiff's RFC could perform work existing in significant numbers, such as a store laborer and car lot porter (step five). [AR 12.]  Accordingly, Plaintiff was not found "disabled" as defined by the Social Security Act. [<u>Id</u>.]

//

---

n.7; 20 C.F.R. § 404.1569a(c).  Pain may be either an exertional or a nonexertional limitation.  <u>Penny</u>, 2 F.3d at 959; <u>Perminter v. Heckler</u>, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

**C.  ISSUES IN DISPUTE**

The parties' Joint Stipulation sets out five disputed issues:

1. Whether the ALJ properly considered the August 31, 2006 opinion of Dr. Adam Cash, Psy.D., a psychological consultative examiner;
2. Whether the ALJ properly considered the September 13, 2006 opinion of State agency physician H.M. Skopec, M.D.;
3. Whether the ALJ properly considered the October 20, 2006 opinion of consultative orthopedic examiner Carl Sainten, M.D.;
4. Whether the ALJ properly considered the July 26, 2006 lay opinion of Laura Swartz; and
5. Whether the ALJ properly posed the hypothetical questions to the vocational expert.

[JS 2-3.]

As discussed below Issue One is dispositive.

**D.  PLAINTIFF'S FUNCTIONAL LIMITATIONS**

On August 31, 2006, Plaintiff was given a Psychological Evaluation by consultative examiner Adam Cash, Psy.D. [AR 140.] Dr. Cash opined that Plaintiff was appropriately alert and oriented, and that her consciousness was intact. [AR 142.]  However, he also noted that Plaintiff's "attention and concentration were impaired . . . [and she] had some difficulty both establishing and maintaining focus." [Id.]  He further noted that "[h]er levels of concentration, persistence, and pace are moderately impaired." [Id.]  Nevertheless, Dr. Cash concluded that Plaintiff "will have no difficulties with understanding, remembering, and carrying out simple instructions." [Id.]

    Dr. H.M. Skopec also indicated that Plaintiff was moderately limited in various areas regarding sustained concentration and persistence. [AR 145.] However, he concluded that Plaintiff "can sustain simple repetitive tasks with adequate pace and persistence, can adapt and relate to co-workers and supervisors but likely cannot work with the public." [AR 147.]

    In the RFC determination, the ALJ specifically credited the opinions of Dr. Cash and Dr. Skopec "to the extent that they all [sic] moderate limitations in social interaction and maintaining concentration, persistence and pace." [AR 11.]  However, the ALJ did not include these limitations in the hypothetical question posed to the vocational expert. [AR 41.]

    Plaintiff asserts that the ALJ erred in failing to consider all of the limitations listed by Drs. Cash and Skopec in their assessments, in particular the statement that Plaintiff is moderately impaired in concentration, persistence, and pace. [JS 3, 7.] Plaintiff further asserts that limitations in concentration, persistence, and pace are inadequately accounted for by a restriction to simple, repetitive work. [JS 6.]  Defendant argues that the ALJ reasonably found that both opinions regarding this limitation are consistent with a functional capacity for "simple repetitive work." [JS 5.]

    Defendant cites <u>Stubbs-Danielson v. Astrue</u>, 539 F.3d 1169, 1174 (9th Cir. 2008), where the court found that a restriction to simple, repetitive tasks adequately captured deficiencies in concentration, persistence and pace.  There, the court held that "an ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with the restrictions identified in the medical testimony." <u>Id.</u>

7

However, Stubbs-Danielson is not applicable here because the medical testimony in that case did not establish any limitations in concentration, persistence or pace. In contrast, the medical evidence here establishes, as the ALJ accepted, that Plaintiff is limited in concentration, persistence and pace. See Brink v. Comm'r SSA, 343 Fed. Appx. 211 (9th Cir. 2009)(distinguishing Stubbs-Danielson and rejecting the contention that "simple, repetitive work" includes limitations in concentration, persistence and pace where the record provides substantial evidence of such limitations.); see also Bickford v. Astrue, 2010 WL 4220531 (D. Or. Oct. 19, 2010); Flores v. Astrue, 2010 WL 3894208 (D. Col. Sept. 30, 2010); Melton v. Astrue, 2010 WL 3853195 (D. Or. Sept. 28, 2010).

In order for the vocational expert's testimony to constitute substantial evidence, the hypothetical question posed must "consider all of the claimant's limitations." Andrews v. Shalala, 53 F.3d 1035, 1044 (9th Cir. 1995). The ALJ accepted the evidence of Plaintiff's limitations, but failed to include them in the hypothetical question posed to the vocational expert. Thus, the conclusion that Plaintiff is capable of work at the medium exertional level is based on an incomplete hypothetical question and unsupported by substantial evidence. Under these circumstances, an appropriate inquiry into Plaintiff's claim requires remand.

**F.  REMAND FOR FURTHER PROCEEDINGS**

The decision whether to remand for further proceedings is within the discretion of the district court. Harman v. Apfel, 211 F.3d 1172, 1175-1178 (9th Cir. 2000). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate

award of benefits.  <u>Harman</u>, 211 F.3d at 1179 (decision whether to remand for further proceedings turns upon their likely utility). However, where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate.  <u>Id</u>. Here, as set out above, outstanding issues remain before a finding of disability can be made.[2]  Accordingly, remand is appropriate.

## VI.  <u>ORDERS</u>

Accordingly, **IT IS ORDERED** that:

1. The decision of the Commissioner is **REVERSED**.

2. This action is **REMANDED** to defendant, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further proceedings as discussed above.

3. The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.

DATED: November 27, 2010

_____
CARLA M. WOEHRLE
United States Magistrate Judge

---

[2]  The remaining issues raised in the parties' Joint Stipulation do not mandate a finding of disability on the basis of the existing record.